RECEIVED
Charlotte, NC

FEB - 3 2016

Clerk, US District Court
Western District NC

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western Dis. of North Carolina | |
|---|---|---|
| Name (under which you were convicted):<br>Travis Bumpers | | Docket or Case No.:<br>3:12CR00239 |
| Place of Confinement:<br>Satellite Prison Camp - Edgefield | | Prisoner No.:<br>#27859-058 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Travis Bumpers | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
United States District Court; District of North Carolina, Charlotte
Division _____

(b) Criminal docket or case number (if you know): 3:12CR00239

2. (a) Date of the judgment of conviction (if you know): _____

(b) Date of sentencing: January 20, 2015

3. Length of sentence: 66 months

4. Nature of crime (all counts): 18 U.S.C. §1962(d) Racketeering Conspiracy

_____
_____
_____
_____
_____

5. (a) What was your plea? (Check one)

(1)  Not guilty ❏         (2)  Guilty ☒         (3)  Nolo contendere (no contest) ❏

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
or indictment, what did you plead guilty to and what did you plead not guilty to? _____

_____
_____
_____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❏     Judge only ❏

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐     No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:        Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _____Ineffective assistance of counsel_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
My attorney was ineffective because he failed to object to improper calculation of my loss and relevant conduct, failed to secure a speedy trial; did not secure bail in a timely manner, did not present the Presentence Report in a timely manner, did not challenge application of the law to my charges.

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: <u>Violation of due process.</u>  _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was penalized for crimes that did nbot apply to my actions, specifically
I did not commit bank fraud among others.  In addition, the Court sentenced
me without knowing the facts and the truth as required by the due process
clause. _____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: My restitution amount is not authorized by law and should be reduced on resentencing. _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: ___Actual Innocence_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Memorandum _____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them: _None of these were raised until the filing of this action,_

which is appropriate under the law._____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?      Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing: _Timothy Dewitt Smith_____

_____

(b) At arraignment and plea: _Timothy Dewitt Smith_____

_____

(c) At trial: _Timothy Dewitt Smith_____

_____

(d) At sentencing: _Timothy Dewitt Smith_____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* ___My case became final less than one year ago.___

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _____

_____

_____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 1-29-2016 _____ (month, date, year).

Executed (signed) on 1-29-2016 (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

United States District Court
Western District of North Carolina
Charlotte Division

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:12CRO0239 |
| | ) | |
| vs. | ) | |
| | ) | |
| Travis Bumpers, | ) | Bumpers' Memorandum in support of his |
| | ) | Motion to Vacate, Set Aside, or Correct |
| Defendant. | ) | his sentence pursuant to 28 U.S.C §2255 |
| | ) | |

Travis Bumpers, appearing Pro Se, respectfully submits this Memorandum in support of his Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. §2255.

## Procedural History

On or about July 26, 2012, a federal Grand Jury indicted Bumpers and 16 others on various charges of fraud and a violation of 18 U.S.C. §1962, a/k/a the "RICO" statute. Bumpers was arrested and held without bond until he ultimately pled guilty to a violation of §1962(d). The plea required Bumpers to admit to being guilty of securities fraud, bank fraud, wire fraud, and money laundering.

The government and the United States Probation Office recommended that Bumpers should be sentenced based on a Base Offense Level of 31 (prior to any reduction for acceptance of responsibility). This level was determined by adding the Base of 7 to the proposed Loss amount (+18), and enhancements for number of victims (+2), sophisticated means (+2), and laundering (+2). Based on the advice of his attorney Bumpers accepted the Plea Agreement. The Court adopted the Offense level recommendation and applied a 3 level reduction for Bumpers' acceptance of responsibility in a timely manner, for a final Offense level of 28. Based off Bumpers' criminal history Category of I, his recommended sentencing range was 78 to 97 months. The Court sentence Bumpers to 66 months on January 20, 2015.

Bumpers is currently incarcerated at the Satellite Prison Camp in Edgefield, South Carolina. Due to his pretrial confinement Bumpers has served 38 months of his sentence.

Legal Argument

Bumpers received the ineffective assistance of counsel regarding the negotiation and acceptance of his plea as well as the application of the Sentencing Guidelines to his offense and the facts of his case. For the reasons set forth below, Bumpers is entitled to relief from the sentence imposed.

The Sixth Amendment of the United States Constitution guarantees the effective assistance of counsel to those charged with crimes. To prevail on an ineffective assistance of counsel claim a moving party must show that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) due to counsel's unprofessional errors, the defendant was prejudiced, Strickland v. Washington, 466 U.S. 668 (1984). Prejudice exists when an error results in a longer sentence than would otherwise have been imposed. See Glover v. United States, 531 U.S. 198 (2001).

Because Bumpers' counsel failed to meet the standard of reasonableness, the sentence imposed by the Court was longer than what otherwise would have been imposed.

In addition, the Fifth Amendment guarantees that Bumpers will not be deprived of liberty without the due process of law. A criminal defendant is entitled to the substantive rights in, and the protections of, the due process clause of the Constitution. Improper application of the law, including the Sentencing Guidelines, violates this clause. See United States v. Eschman, 227 F.3d 886, 870 (7th Cir. 2007).

Petitioners, like Bumpers, are usually prohibited from making a claim of actual innocence on collateral review. A petitioner can overcome this procedural hurdle by demonstrating the "failure to consider the claims will

result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice occurs when a petitioner can show a colorable claim of actual innocence. <u>Sawyer v. Whitley</u>, 505 U.S. 333 (1992). Actual innocence requires that the petitioner show that no reasonable juror would have convicted him. <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). After entry of a guilty plea the petitioner can only attack the voluntary and intelligent character of the plea. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). If counsel's advice fails the two part <u>Strickland</u> test for reasonableness and prejudice, then a petitioner has shown that the plea, entered based upon that advice, was not voluntary or intelligent. <u>Hill</u>.

For the reasons set forth below, Bumpers submits that he did not violate the law and is actually innocent of violating 18 U.S.C. §1962.

I. Bumpers received ineffective assistance of counsel with regard to his sentence and making of his guilty plea.

Bumpers' counsel's failure to satisfy the <u>Strickland</u> standard resulted in his receiving a longer sentence, higher restitution, and accepting a guilty plea that he would not have otherwise accepted for the foregoing reasons Bumpers submits that he is entitled to collateral relief.

A. Counsel's ineffective assistance resulted in Bumpers making an involuntary or unknowing plea.

Bumpers can attack his guilty plea if it was involuntary or unknowing when made. <u>See Lockhart</u>. One way that a plea is unknowing is when it is made based on the advice of ineffective counsel. <u>Id</u>. Bumpers' plea was unknowing because his lawyer did not understand the statutory framework of §1962 or the defenses available for the predicate acts relied upon by the government in its prosecution of Bumpers.

In order to understand Bumpers' claim it is necessary to review the requirements for a conviction under §1962. That statute, which makes up the criminal "RICO" law, forbids any person who has received money from a

pattern of racketeering activity to use or invest that money in an operation involved in interstate commerce. A pattern of racketeering activity is shown by the defendant committing two or more "predicate acts", which include securities fraud, bank fraud, and wire fraud.

The case against Bumpers – and numerous others on his indictment – was based on allegations that Bumpers committed securities fraud and bank fraud. (That Bumpers was engaged with the "enterprise" in this case is questionable, but not at issue here.) Because Bumpers did not commit bank fraud (or the accompanying wire fraud or money laundering) he lacked the predicate acts for a RICO conviction. In addition, because the statute of limitations for securities fraud had lapsed, Bumpers could not have been convicted of that crime. As a result, Bumpers' counsel should not have recommended a guilty plea on the §1962 charge.

    1.    Bumpers did not violate bank fraud or wire fraud laws.

One of the two predicate acts that Bumpers is alleged to have committed is based on charges that Bumpers violated banking and wire fraud statutes arising from his involvement with certain home purchases. (Bumpers was not involved in any fraudulent activity with regard to wire fraud as his wire transactions were with the lender's agent and the nature of his transactions and role as lender to the borrower was fully disclosed.) Bumpers cannot be guilty of bank fraud under §1344 because neither of the mortgage lenders involved in his case were covered by the statute in effect at the time.[1]

Assuming, for the sake of this action, that providing funds in an open manner, which is disclosed to the lender, is fraudulent, federal law applicable at the time of the making of these loans only prohibited fraudulent activity where the lender was a "financial institution" as defined by law. See United States v. Bennett, 621 F.3d 1131 (9th Cir. 2010). A financial institution under the law applicable to Bumpers' transactions had to be an FDIC insured bank. Bumpers' lenders were subsidiary entities, wholly and separately owned

    1.    Application of the revised statute violates the ex post facto clause

by parent banks who qualified as financial institutions. Although Washington Mutual Bank and First Federal Bank are identified as the "victim" lenders in the indictment, the actual lenders on the subject loans were Washington Mutual Mortgage and First Federal Mortgage.

Based on the reasoning in Bennett,[2] and the law with respect to his charges, Bumpers submits that he is actually innocent of these charges. As a result, Bumpers lacks the required predicate acts for a conviction under §1962.

    2.    The securities fraud charge was brought after the applicable statute of limitations.

Bumpers' other "predicate act" involved an alleged securities fraud violation. Although Bumpers disputes any such fraud took place, the facts giving rise to the charge occurred more than five (5) years prior to the date of the indictment, which would bar the prosecution from prosecuting the action (or at least from a well-represented party from pleading guilty thereto).

Instead of dropping the securities fraud charge the government decided to bootstrap it, along with the other charges, into a RICO claim. Doing so allowed the government to enjoy the longer statute of limitations under the RICO laws. In light of the failure of the RICO claim, this Court should dismiss the securities fraud claim due to it being brought after the statute of limitations. See 18 U.S.C. §3282 (5 year statute of limitations).

    B.    Bumpers received a longer sentence due to the Ineffective Assistance of Counsel.

Bumpers received sentencing enhancements for the amount of loss and the number of victims. The inclusion of these enhancements increased his Offense level by 20 levels. This increase was caused by a misunderstanding by the Probation Office when it created Bumpers' Presentence Report and should have been corrected by Bumpers' counsel. Counsel's failure to object to a misapplication of the guidelines constituted ineffective assistance and resulted in a longer sentence.

Sentencing is a critical stage of the trial proceedings, thereby entitling a Defendant to effective assistance of counsel. United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996). Counsel's failure to object to an improper application of the sentencing guidelines may amount to the ineffective assistance of counsel. Id. at 136. Bumpers' counsel failed to object to the Presentence Report or at sentencing regarding the number of victims and the amount of loss despite the fact that neither should have applied to Bumpers. This failure was not reasonable and resulted in a longer sentence for Bumpers.

1.   The amount of loss was not properly calculated.

The Presentence Report alleges that Bumpers' total loss amount was more than $4 million. In order to reach this amount the Probation Office went beyond the actions discussed in the indictment or the Plea and included debts that Bumpers incurred to obtain working capital for his construction company.

The Indictment describes a securities fraud scheme whereby "the Enterprise" convinced individuals "to invest in various sham corporations controlled by the Enterprise." The Indictment goes on to list five such corporations, which were not legitimate businesses. Bumpers' own business, New Century Homes of the Carolinas, which was a business that had existed for 6 years as a home builder, was not listed or described in the indictment. Despite this fact the Probation Office included debts owed by New Century as part of the "Investment Fraud" section of the Presentence Report. (See Doc. 755, par. 14-22.)

New Century had nothing to do with "the Enterprise." None of that company's profits or losses were shared with anyone in "the Enterprise." The Presentence Report totals these debts, which New Century made payments on, to reach a loss amount of more than $4 millions. This case presents a

situation where the government indicted Bumpers under the guise of his involvement in a meeting with the investors of one of the Enterprise's illegitimate companies, and tried to punish him for actions that were <u>not</u> crimes and for which there could not have been an indictment or a guilty plea. <u>Cf</u>. <u>United States v. Beler</u>, 20 F.3d 1428 (7th Cir. 1993).

New Century found itself in a position where it could not obtain conventional financing and approached private individuals about loans for capital. Because these loans were not made by conventional banks (but by individuals more similar to "loan sharks") the interest rates were higher than given by a typical bank. The proceeds of these loans were used to fund New Century, not any operation of "the Enterprise." Bumpers' counsel should have objected to inclusion of these business debts as loss. As a result of counsel's failures Bumpers received an offense level calculation that was higher than appropriate for his conduct.

> 2. Bumpers should not have received an enhancement for number of victims.

For the same reasons set forth in Bumpers' argument about the loss amount, Bumpers submits that the inclusion of an enhancement for the number of victims was improper and was the result of the ineffective assistance of counsel. The lenders on the loans made to New Century were not victims of any crime or offense conduct. Including them as victims for ordinary business losses was improper.

II. Bumpers' Due Process Rights were violated

For the reason set forth above – being wrongfully convicted when he is innocent as well as being sentenced on the wrong facts – Bumpers' submits that his due process rights were violated. It is well-settled that criminal Defendants are entitled to the substantive rights in, and the protection of, the due process clause of the Constitution.

Bumpers was not aware that he was pleading guilty to securities fraud

for the activities of New Century. In fact, he believed that those activities had been fully explained to the government. Bumpers did accept a plea (because he had little other choice) that required him to acknowledge that he had committed securities fraud. Bumpers understood that this charge arose from a meeting he attended as a builder for what would become "the Enterprise." The purpose of this meeting was to explain to investors of another company (not New Century) about the various activities to be undertaken. Although his role was limited, Bumpers accepted the plea because it was the best of several bad options. Despite that, Bumpers' rights to due process trump the interests of an over-zealous prosecution.

Similarly, the rights of due process bar Bumpers' conviction for bank fraud where the "victim" was not contemplated by the statute.

Finally, because due process ensures that the Sentencing Guidelines will be properly applied, misapplication of the Guidelines to Bumpers violated his Constitutional rights. See Eschmen, supra.

### III. The Restitution order violated the law and was due, in part, to constitutional violations.

The Court ordered restitution in the amount of $4,666,658.28. This amount was the amount owed to Bumpers' lenders mentioned above. Had Bumpers counsel objected to these victims and the amount owed, or explained the discrepancy with the law to the Court, the Court would not have issued an order for Restitution. As it stands, the restitution order violates the applicable law.

The law (18 U.S.C. §3663) provides for restitution to any victim of the offense. A restitution order that exceeds the statute's authority is illegal. See United States v. Davis, 714 F.3d 809, 812 (4th Cir. 2013). Here, Bumpers was ordered to pay restitution for business loans – not for conduct underlying the offense of conviction. Cf. United States v. Freeman, 741 F.3d 426, 435-439 (4th Cir. 2014). Because the "losses" sustained by Bumpers' lenders

was not from criminal conduct, restitution was improper.

## Conclusion

For the reasons set forth above, Bumpers requests that the Court vacate, set aside, or correct his sentence or issue and Order to the government to show cause why Bumpers is not entitled to relief.

Bumpers specifically requests expedited review of his claims as he has already served more time than a proper calculating of his guidelines range would recommend. For instance, if successful on only the improper sentencing enhancements Bumpers' Offense level will be reduced from level 28 down to level 8 (reducing the amount of loss (+18) and number of victims (+2)). The resulting range is far less than Bumpers has already served for this conviction.

Footnote 2.       The Court in Bennett held that application of the revised definitions found in the Fraud Enforcement and Recovery Act pursuant to Defendant, prior to 2009, would violate the ex post facto clause.

Respectfully Submitted,

January **29**, 2016

Travis Bumpers
Pro Se